FILED
2024 Feb-05  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTOINE HARPER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **2:22-cv-08028-LSC** |
| | ) | **(2:11-cr-00013-LSC-HGD-2)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION AND ORDER

Before this Court is a motion by Antoine Harper ("Harper") to vacate, set aside, or otherwise correct his sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255") (Doc. 1.) The Government is in agreement with Harper's motion. (Doc. 6.) Accordingly, Harper's petition (doc. 1) is due to be granted for the reasons stated below.

**I.  Background**

On September 6, 2011, Harper pled guilty to three counts of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts Eight, Twelve, Fourteen), one count of attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) (Count Ten), using and carrying a firearm during and in relation to a crime of violence (based upon Count Ten) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count

Eleven), and a subsequent conviction for using and carrying a firearm and in relation to a crime of violence (based upon Count Fourteen) in violation of 18 U.S.C. § 924(c)(1)(C)(I) (Count Fifteen). (Cr. Doc. 112.)[1] This Court sentenced Harper to eighty-seven months as to Counts Eight, Twelve, and Fourteen, separately, to run concurrently with other counts, eighty-seven months as to Count Ten to run consecutively to all other counts, and 300 months as to Count Fifteen to run consecutively to all other counts. (Cr. Doc. 149 at 2.)

## II.     The § 2255 Motion and the Government's Response

Harper filed the present motion on July 22, 2022. (Doc. 1.) His motion is based upon the Supreme Court holding in *Taylor v. United States*. 596 U.S. 2015 (2022).[2] *Taylor* held that attempted Hobbs Act robbery is not a crime of violence. *Taylor*, 596 U.S. at 860. Therefore, it cannot be used with the enhancement articulated in 18 U.S.C. § 924(c) that gives defendants enhanced penalties when a firearm is used in furtherance of a crime of violence.

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Harper*, No. 2:11-cr-00013-LSC-HGD-2.

[2] *Taylor* was decided on June 21, 2022. Harper's motion is therefore timely because it is within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In his petition, Harper contends he should be resentenced because he received an 18 U.S.C. § 924(c) enhancement when his underlying crime was attempted Hobbs Act robbery. The Government's response agreed with Harper and stated that Count Fifteen is the enhancement at issue and that "the Petitioner's motion . . . pursuant to 28 U.S.C. § 2255 is due to be granted as it relates to the singular ground raised by the petitioner." (Doc. 6 at 6.)

### III. Conclusion

Having now carefully reviewed and considered the § 2255 motion and the Government's response to it, and having independently examined the entire record in Petitioner's criminal case, it is hereby ORDERED that the motion for § 2255 relief is **GRANTED** insofar as what is covered in this opinion, and Petitioner's sentence in *United States v. Harper*, 2:11-cr-00013-LSC-HNJ-2 (N.D. Ala.) is hereby **VACATED**. By separate order in Petitioner's criminal case, the Court will set a new sentencing hearing for the Petitioner. This action is DISMISSED WITH PREJUDICE.

**DONE** and **ORDERED** on February 5, 2024.

_____
L. Scott Coogler
United States District Judge

215708